

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SANDRA J. HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | **CJ-2025-6071** |
| JARQUEZ EVANS, an individual ) | |
| and former Trooper for Oklahoma ) | |
| Highway Patrol; OKLAHOMA ) | FILED IN DISTRICT COURT |
| HIGHWAY PATROL ex rel. The State of ) | OKLAHOMA COUNTY |
| Oklahoma; ex. rel. Oklahoma Department ) | |
| of Public Safety; ex. rel. Tim Tipton, an ) | AUG 2 6 2025 |
| individual and the Commissioner of the ) | |
| Dept. of Public Safety ) | RICK WARREN |
| ) | COURT CLERK |
| Defendants. ) | 42_____ |

### PETITION

COMES NOW the Plaintiff, Sandra Harrington, and for her claims for relief against Defendants, Trooper Jarquez Evans and the Oklahoma Highway Patrol (hereinafter "OHP"), respectfully alleges and states as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Article VII, Section 7 of the Oklahoma Constitution and as the events giving rise to this cause of action occurred within the State of Oklahoma and involve Oklahoma residents and governmental entities.

2. Jurisdiction over Defendant Oklahoma Highway Patrol, a division of the Oklahoma Department of Public Safety and a political subdivision of the State of Oklahoma, is proper pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq., which

1

EXHIBIT 2

confers jurisdiction upon Oklahoma district courts for civil actions brought against the State and its employees acting within the scope of their employment.

3. Jurisdiction over Defendant Jarquez Evans, both in his individual and official capacities, is proper under Oklahoma law and 42 U.S.C. § 1983, as he was, at all times relevant to this matter, a commissioned law enforcement officer acting under color of state law.

4. Venue is proper in Oklahoma County pursuant to 12 O.S. § 143 and 51 O.S. § 163, as the acts and omissions giving rise to this action occurred in whole or in part in Oklahoma County, and the Defendants reside in or conduct substantial official business within this judicial district.

5. Plaintiff has complied with the procedural prerequisites of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 156, by timely filing a written Notice of Tort Claim on or about May 1, 2025, with all statutorily required recipients. Said claim was denied, deemed denied, or otherwise unresolved within ninety (90) days, and this action is timely commenced within one hundred eighty (180) days thereafter, as required by 51 O.S. § 157.

## II.

## PARTIES

6. Plaintiff, Sandra Harrington, is an individual and resident of Oklahoma County, State of Oklahoma. At all times relevant hereto, Plaintiff was a citizen of the State of Oklahoma and is the victim of the tortious and unconstitutional conduct alleged herein.

7. Defendant Trooper Jarquez Evans is, and at all times relevant to this action was, employed as a commissioned law enforcement officer by the Oklahoma Highway Patrol, a division of the Oklahoma Department of Public Safety. Upon information, Defendant Evans resides in the State of Oklahoma and was acting under color of state law and within the scope of

his employment when the events giving rise to this action occurred. Plaintiff brings claims against Defendant Evans in both his individual and official capacities.

8. Defendant Oklahoma Highway Patrol (OHP) is a division of the Oklahoma Department of Public Safety, an agency of the State of Oklahoma, and is a political subdivision as defined by the Oklahoma Governmental Tort Claims Act, 51 O.S. § 152(11). OHP is responsible for the training, hiring, supervision, and discipline of its officers, including Defendant Evans. At all times material hereto, Defendant OHP employed and supervised Defendant Evans and is liable for the tortious acts committed by him within the scope of his employment pursuant to 51 O.S. § 153.

9. Defendant Tim Tipton is the duly appointed Commissioner of the Oklahoma Department of Public Safety and is named in his official capacity only. As Commissioner, Defendant Tipton is the chief executive officer of the Department and is ultimately responsible for the supervision, administration, and enforcement of the policies, procedures, and personnel decisions of the Oklahoma Highway Patrol. Plaintiff asserts claims for injunctive and declaratory relief, where appropriate, as well as any duties owed under state law and the Oklahoma Constitution through Defendant Tipton in his official role.

## III.

## FACTS

### A. Background

10. On January 26, 2025, Plaintiff Sandra Harrington was lawfully operating her vehicle, a 2002 Chevrolet Suburban, when she was stopped by Defendant Trooper Jarquez Evans of the Oklahoma Highway Patrol near Southeast 29th Street and South High Avenue in Oklahoma City, Oklahoma, within Oklahoma County.

11. The stop was initiated under the stated basis of an expired vehicle registration. Throughout the duration of the traffic stop, which lasted approximately eighteen minutes and thirty-nine seconds, Defendant Evans was in full uniform and operating a marked patrol unit under color of law and within the apparent scope of his duties as an OHP Trooper.

12. The traffic stop, which initially appeared routine, escalated into an unlawful exercise of power resulting in Plaintiff being subjected to coercion, sexual assault, and gross abuse of authority.

13. The incident triggered an investigation by the Oklahoma City Police Department and the Oklahoma Highway Patrol's Investigations Division, both of which yielded corroborating forensic, testimonial, and video evidence confirming Plaintiff's allegations.

### B.    Defendant Trooper Jarquez Evans

14. On January 26, 2025, Defendant Trooper Jarquez Evans initiated a traffic stop of Plaintiff Sandra Harrington in Oklahoma City, Oklahoma.

15. Defendant Evans ordered Plaintiff out of her vehicle and conducted a personal search. During this unlawful search, he removed personal items from her person and placed them on the hood of his marked patrol unit. Evans then directed Plaintiff to enter the front passenger seat of his patrol vehicle and conducted a warrantless search of her vehicle, during which he claimed to have discovered a glass pipe.

16. While seated inside the patrol unit, Plaintiff made two phone calls. During the first, she stated she was not going to jail because "he already told me that," referring to Defendant Evans. In the second, she provided her location, "29th and High", and requested a ride. These contemporaneous statements reflect that Evans conditioned Plaintiff's liberty on her compliance with his coercive directives.

17. At approximately 18 minutes and 39 seconds into the recorded stop, Evans manually deactivated his body-worn microphone and in-car camera system. He issued no citation, executed no arrest, filed no report, and left no official record documenting the stop.

18. Following the stop, Defendant Evans instructed Plaintiff to meet him at a secondary location. Plaintiff, under continued threat of arrest, complied. GPS data and surveillance footage confirmed that Plaintiff drove to a dimly lit area near Southeast 31st Street and South High Avenue, where Evans later arrived.

19. Upon entering Plaintiff's vehicle at the secondary location, Evans unzipped his uniform pants, exposed his penis, and demanded that Plaintiff perform oral sex. When Plaintiff expressed concern about being arrested for prostitution, Evans assured her that she would not be and confirmed that his body camera was off.

20. Evans ordered Plaintiff to "bend over." Plaintiff, under duress and fear of arrest, complied.

21. Evans forcibly removed Plaintiff's clothing and engaged in vaginal intercourse without her consent. Plaintiff described the act as physically forceful, coercive, and non-consensual.

22. Following the assault, Evans exited Plaintiff's vehicle and returned to his patrol unit without issuing any warning, citation, or further communication. He made no record of the stop or the encounter.

23. During the subsequent investigation, the Oklahoma Highway Patrol submitted Evans' uniform pants to the Oklahoma State Bureau of Investigation for forensic testing. OSBI analysts located a semen stain on the interior surface of the garment. DNA analysis conclusively identified Evans as the major contributor, and Plaintiff could not be excluded as a contributor to the secondary profile.

24. Investigators recovered additional corroborating evidence from a text message exchange between Evans and his ex-wife, sent the morning after the incident. In that message, Evans

admitted he had "done something bad," referencing a woman he had pulled over the prior night.

25. Evans falsely described the encounter as consensual. That claim is wholly inconsistent with Plaintiff's contemporaneous statements, forensic evidence, and the totality of the investigation conducted by the Oklahoma City Police Department and the Oklahoma Highway Patrol.

26. Evans' conduct constitutes criminal sexual assault under Oklahoma law, a knowing abuse of official authority, and a flagrant violation of Plaintiff's constitutional rights. At all times material, Evans acted under color of state law, in uniform, and with the use of state-issued authority, vehicle, and equipment.

27. Evans' actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, Section 7 of the Oklahoma Constitution. His conduct amounts to an unlawful search and seizure, denial of due process, false imprisonment, and a gross intrusion upon Plaintiff's bodily integrity and personal dignity.

## C. Defendant Oklahoma Highway Patrol; ex. rel Oklahoma Department of Public Safety

28. Defendant Oklahoma Highway Patrol, acting by and through the Oklahoma Department of Public Safety, failed to exercise reasonable care in the hiring, supervision, and retention of Trooper Jarquez Evans, despite possessing or having the ability to obtain substantial information indicating his unfitness for duty as a commissioned law enforcement officer.

29. Prior to his employment with the Oklahoma Highway Patrol, Evans was compelled to resign from the Grenada, Mississippi Police Department under circumstances suggesting misconduct of a potentially criminal nature. He subsequently held a series of short-lived positions in both law enforcement and private employment, including Swift Transportation and Ben E. Keith, reflecting a clear pattern of instability and professional unreliability.

6

30. During his training at the Oklahoma Highway Patrol Academy, Evans negligently discharged his service firearm into a wall within the training facility. Rather than terminate his candidacy, OHP placed Evans on probation and issued a formal written warning advising that any future violations would result in termination. This serious incident should have triggered further psychological evaluation and reconsideration of his fitness for continued employment.

31. Notwithstanding these red flags, OHP failed to conduct a comprehensive pre-employment background investigation or psychological screening and failed to apply its own policies governing suitability assessments, academy conduct, and probationary review. OHP approved Evans for full-time field deployment without enhanced supervision or remedial monitoring.

32. After Evans began active service, OHP received or had access to additional information indicating ongoing misconduct. This included an incident in 2024 involving an alleged inappropriate sexual encounter between Evans and a female civilian during a traffic stop. Despite the seriousness of this report, OHP failed to initiate any investigation or internal review and took no corrective action.

33. OHP maintained written policies and procedures requiring thorough pre-employment screening, probationary oversight, and internal investigations of alleged officer misconduct. These procedures, set forth in OHP's Operations Manual and related Department of Public Safety regulations, exist to ensure that only qualified and trustworthy individuals are authorized to exercise the coercive powers of law enforcement.

34. OHP failed to enforce these policies in Evans' case and permitted a clearly unfit and dangerous individual to continue operating under color of state law, armed and in uniform,

despite multiple objective indicators of risk. OHP's omissions created a foreseeable danger to members of the public and constituted a systemic failure of institutional safeguards.

35. As a direct and proximate result of OHP's negligent hiring, supervision, and retention of Evans, Plaintiff was subjected to egregious abuse of official authority, including coercion, sexual assault, and constitutional violations, all of which occurred while Evans was acting within the scope of his employment.

36. Pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq., the Oklahoma Highway Patrol, through the Department of Public Safety, is liable for injuries caused by its employee's misconduct committed within the scope of employment, as well as for its own institutional negligence in failing to implement and enforce basic personnel and disciplinary safeguards.

### D.     Defendant Commissioner Tim Tipton

37. Defendant Tim Tipton is the Commissioner of the Oklahoma Department of Public Safety and, in his official capacity, holds ultimate responsibility for policy implementation, supervision of personnel, and oversight of the Oklahoma Highway Patrol.

38. As Commissioner, Defendant Tipton is charged with enforcing regulations governing background investigations, fitness-for-duty evaluations, and internal discipline of state law enforcement officers.

39. Commissioner Tipton was, or in the exercise of reasonable diligence should have been, aware of systemic failures within OHP regarding deficient hiring practices, supervision protocols, and disregard for internal reporting mechanisms designed to detect and prevent officer misconduct.

40. Commissioner Tipton's failure to address known or foreseeable risks posed by Trooper Evans, and his failure to enforce the Department's own supervisory and disciplinary

8

standards, contributed to the continuation of Evans' employment and created the conditions under which Plaintiff was assaulted.

41. Plaintiff asserts that Commissioner Tipton, in his official capacity, is liable for failing to fulfill his legal obligations to maintain a constitutional, safe, and professionally accountable law enforcement agency, and for his role in the policies and omissions that directly enabled the constitutional and statutory violations at issue in this case.

## IV.

## FIRST CAUSE OF ACTION
### ASSAULT & BATTERY

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. On January 26, 2025, while acting under color of state law and in uniform as an Oklahoma Highway Patrol Trooper, Defendant Evans used his position of authority to compel Plaintiff into non-consensual sexual acts, including oral and vaginal intercourse, through coercion and threats of arrest.

44. Defendant Evans' actions constituted offensive and harmful physical contact without consent, done willfully and maliciously, and under the guise of law enforcement authority.

45. Defendant Evans committed sexual assault and battery under Oklahoma law, directly and proximately causing Plaintiff to suffer physical injury, emotional trauma, psychological distress, and other compensable harm.

## V.

## SECOND CAUSE OF ACTION
### 42 U.S.C. §1983 – DEPRIVATION OF LIBERTY
### FOURTH & FOURTEENTH AMENDMENTS

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Defendant Evans, while acting under color of state law, deprived Plaintiff of rights secured by the Constitution of the United States, including the right to be free from unreasonable searches and seizures, the right to bodily integrity, and the right to due process of law.

48. Defendant Evans subjected Plaintiff to a non-consensual search of her person and vehicle, detained her without probable cause or legal justification, and subsequently committed a sexual assault under color of law.

49. The acts of Defendant Evans violated Plaintiff's rights under the Fourth and Fourteenth Amendments and constitute actionable civil rights violations pursuant to 42 U.S.C. §1983.

50. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. §1988.

## VI.

### THIRD CAUSE OF ACTION

### OKLAHOMA GOVERNMENTAL TORT CLAIM ACT, 51 O.S. §151 – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Defendant Oklahoma Highway Patrol, through the Oklahoma Department of Public Safety, had a duty to exercise reasonable care in hiring, supervising, and retaining commissioned officers, including Defendant Evans.

53. Prior to hiring Evans, OHP had access to evidence of prior misconduct, including his forced resignation from a prior police department and an accidental discharge of his service weapon during academy training. These facts demonstrated Evans' unfitness for duty.

54. OHP failed to investigate Evans' background properly, failed to enforce its internal discipline procedures, and failed to remove Evans despite numerous material evidence of prior misconduct.

55. These acts and omissions proximately caused the injuries sustained by Plaintiff and constitute negligence under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151 et seq.

## VII.

## FOURTH CAUSE OF ACTION
## OFFICIAL CAPACITY LIABILITY

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Defendant Tim Tipton is the Commissioner of the Oklahoma Department of Public Safety and is sued in his official capacity only. In this role, Commissioner Tipton is responsible for overseeing the operations, policies, and supervision of the Oklahoma Highway Patrol.

58. Commissioner Tipton holds the ultimate statutory and administrative responsibility for ensuring that appropriate hiring, training, and supervision procedures are implemented and followed by the Department and its divisions, including OHP.

59. Commissioner Tipton knew or, through the exercise of reasonable diligence, should have known of systemic deficiencies within OHP concerning background investigations, psychological evaluations, supervisory review, and internal accountability for commissioned troopers.

60. Commissioner Tipton failed to correct, discipline, or implement changes in policy or practice, even after evidence of prior misconduct by Defendant Evans and others had surfaced. His inaction, and the resulting failures in oversight, contributed directly to the continuation of Evans' employment and facilitated the circumstances under which Plaintiff was assaulted.

61. Commissioner Tipton's official omissions and failures constitute deliberate indifference to the safety and constitutional rights of civilians and provide a basis for official capacity liability under 42 U.S.C. §1983, as well as under state tort principles where applicable.

## VIII.

## FIFTH CAUSE OF ACTION
## FALSE IMPRISONMENT

62. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Defendant Evans intentionally and unlawfully detained Plaintiff during and after the traffic stop without legal authority or probable cause.

64. Evans used his badge, uniform, and patrol vehicle to create the appearance of lawful authority, and Plaintiff reasonably believed she was not free to leave.

65. Plaintiff's detention and the subsequent coercive relocation to a secondary location constituted false imprisonment under Oklahoma law.

## IX.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Defendant Evans engaged in conduct that was extreme and outrageous, intentionally or recklessly causing Plaintiff to suffer severe emotional distress.

68. Evans' abuse of state power to commit sexual assault on a civilian during a traffic stop is intolerable in a civilized society.

69. As a direct and proximate result, Plaintiff has suffered emotional trauma, psychological harm, and other damages.

70.

## X.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF ARTICLE 2, SECTION 7, AND 30
## OKLAHOMA CONSTITUTION

71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Defendant Evans deprived Plaintiff of her right to due process and personal security guaranteed under Article 2, Section 7 of the Oklahoma Constitution,

73. Defendant Evans violated Plaintiff's right to be free from unreasonable searches and seizures under Article 2, Section 30.

74. Defendant Oklahoma Highway Patrol, by and through the Oklahoma Department of Public Safety, created and maintained customs, policies, or practices, either formally or through deliberate negligent indifference, that failed to prevent foreseeable constitutional violations by Trooper Evans, including by disregarding material risk indicators in his hiring, training, and supervision.

75. OHP's systemic failures, including inadequate screening, deficient oversight, and refusal to enforce internal disciplinary measures, directly contributed to the deprivation of Plaintiff's constitutional rights.

## XI.

## EIGHTH CAUSE OF ACTION

## ABUSE OF AUTHORITY & PROCESS

76. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

77. Defendant Evans used the authority and processes of law enforcement for an ulterior purpose: to coerce and compel Plaintiff into a sexual encounter through threats of arrest.

78. Evans' use of the traffic stop and threats of incarceration as a pretext for sexual exploitation constitutes abuse of process under Oklahoma law.

## XII.

## NINTH CAUSE OF ACTION
## CIVIL CONSPIRACY TO CONEAL AND OBSTRUCT
### (Against Supervisory Officials to Be Named After Discovery)

79. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

80. Upon information and belief, supervisory personnel at OHP either knew or should have known of prior complaints or patterns of behavior involving Evans and failed to take action or suppressed complaints.

81. These individuals acted in concert to conceal or obstruct internal accountability mechanisms, enabling Evans to engage in misconduct without institutional intervention.

82. Plaintiff reserves the right to name such individuals upon completion of discovery.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sandra Harrington respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief as provided by law and equity:

a. Enter judgment finding that Defendant Jarquez Evans, in his individual capacity and while acting under color of state law, violated Plaintiff's rights under 42 U.S.C. § 1983, including her rights to bodily integrity, to be free from unreasonable searches and seizures, and to due process under the Fourth and Fourteenth Amendments to the United States Constitution, and award Plaintiff actual, nominal, and compensatory damages in an amount to be determined by the trier of fact.

b. Enter judgment finding that Defendant Evans committed sexual assault and battery, false imprisonment, intentional infliction of emotional distress, abuse of process, and other

tortious acts under Oklahoma law, and award Plaintiff compensatory damages for the physical pain, emotional trauma, psychological injury, and related harm she sustained as a result of such misconduct.

c. Enter judgment finding that Defendant Oklahoma Highway Patrol, ex rel. Oklahoma Department of Public Safety, is liable under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq., for its negligent hiring, supervision, and retention of Defendant Evans, and award Plaintiff compensatory damages as determined by the trier of fact.

d. Enter judgment finding that Defendant Tim Tipton, in his official capacity as Commissioner of the Oklahoma Department of Public Safety, failed to enforce policies, training, and disciplinary oversight necessary to prevent foreseeable constitutional and statutory violations, and award Plaintiff declaratory and equitable relief to address the systemic failures contributing to the harm she suffered.

e. Enter judgment finding that Defendants Evans and the Oklahoma Highway Patrol violated Plaintiff's rights under Article 2, Sections 7 and 30 of the Oklahoma Constitution by depriving her of due process, personal security, and freedom from unlawful search and seizure, and award Plaintiff compensatory damages in an amount to be determined by the trier of fact.

f. Enter judgment awarding punitive damages against Defendant Evans in his individual capacity, based on his willful, malicious, and oppressive conduct undertaken under color of law.

g. Enter judgment awarding Plaintiff damages for medical expenses, psychological treatment, counseling, lost income, diminished earning capacity, and other financial losses proximately caused by the conduct of Defendants.

h. Enter judgment awarding declaratory relief stating that the actions of Defendant Evans, and the customs, policies, and institutional failures of the Oklahoma Highway Patrol and Department of Public Safety, violated Plaintiff's rights under the United States Constitution and the Oklahoma Constitution.

i. Enter judgment awarding injunctive or equitable relief, as necessary, to ensure proper hiring, training, and supervision standards within the Oklahoma Highway Patrol and Department of Public Safety to prevent recurrence of similar misconduct.

j. Enter judgment awarding Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable authority.

k. Enter judgment awarding pre-judgment and post-judgment interest as permitted by law.

l. Award Plaintiff the costs of this action.

m. Grant such other and further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted,

ADAMS & ASSOCIATES, P.C.

_/s/ R. Scott Adams_

R. SCOTT ADAMS, OBA #13003
AMBER LEAL, OBA #33949
300 N. Walker Ave, Suite 100
Oklahoma City, Oklahoma 73102
P: 405.232.9100/F: 405.232.9114
Email: sadams@scottadamslaw.com
Email: aleal@scottadamslaw.com
ATTORNEYS FOR THE PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**