## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SANDRA J. HARRINGTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case. No. 25-cv-1260-R** |
| | ) | |
| JARQUEZ EVANS, an individual and | ) | |
| former Trooper for Oklahoma Highway | ) | |
| Patrol; OKLAHOMA HIGHWAY | ) | |
| PATROL ex rel. The State of Oklahoma; ex | ) | |
| rel. Oklahoma Department of Public Safety; | ) | |
| ex rel. Tim Tipton, an individual and the | ) | |
| Commissioner of the Dept. of Public Safety | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT STATE OF OKLAHOMA'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant, Oklahoma Highway Patrol; *ex rel.* The State of Oklahoma; *ex rel.* Oklahoma Department of Public Safety[1] ("DPS") appears by and through counsel and respectfully requests this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In support of this Motion, DPS states the following:

## STATEMENT OF THE CASE

Plaintiff's claims arise from a traffic stop conducted by Defendant Trooper Jarquez Evans ("Evans") for an expired vehicle registration. [Doc. 1-2, ¶ 11]. Plaintiff alleges that

---

[1] The Oklahoma Highway Patrol and the Oklahoma Department of Public Safety are not separate entities for purposes of litigation against the State of Oklahoma. Accordingly, The Oklahoma Highway Patrol and Department of Public Safety will be referred to collectively as "DPS."

the traffic stop escalated into an abuse of power by Defendant Evans which culminated in coercion and sexual assault. [Doc. 1-2, ¶ 12]. Plaintiff alleges causes of action arising under state law and both the United States and Oklahoma Constitutions against Defendant Evans, as well as causes of action for negligent hiring, supervision and retention, official capacity liability pursuant to 42 U.S.C. § 1983, and claims arising under the Oklahoma Constitution against DPS and Tim Tipton. [Doc. 1-2, ¶¶ 42-78]. This suit was originally filed in the District Court of Oklahoma County, Case Number CJ-2025-6071. The case was timely removed to this Court. For the reasons more fully set forth below, Plaintiff fails to state a claim for which relief can be granted and DPS is immune from liability. As such, her claims must be dismissed.

## STANDARD OF REVIEW

Subject matter jurisdiction concerns the power and authority of a court to determine the issues before it. *In re A.N.O.*, 2004 OK 33, 91 P.3d 646, 649. Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co*., 495 F.2d 906, 909 (10th Cir. 1974); *Eagle Air Med Corp. v. Martin*, No. CIV.A. 08-CV-00532LT, 2009 WL 651800 (D. Colo. Mar. 12, 2009), aff'd, 377 F. App'x 823 (10th Cir. 2010). Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's

allegations as to the existence of subject matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing the facial attack, the district court must accept the allegations in the complaint as true. *Id.* Second, a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* at 1003.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In other words, a plaintiff must nudge their "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the

allegations in the complaint. Thus, when a Complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. *Id.* A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Applying these standards, this Court must dismiss Plaintiff's claims.

### PROPOSITION I: PLAINTIFF CANNOT STATE A CLAIM ARISING UNDER 42 U.S.C. § 1983.

To the extent Plaintiff is alleging claims against DPS arising under 42 U.S.C. § 1983, such claims must be dismissed. In her Prayer for Relief, Plaintiff generally requests that the Court enter declaratory relief stating that DPS violated Plaintiff's rights under the United States Constitution and the Oklahoma Constitution. Claims for violations of the United States Constitution against DPS are necessarily brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1983 does not create substantive rights but serves only as a remedy for

violations of rights secured by federal statutory and constitutional law. *Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 977 (10th Cir. 1991). When determining whether a complaint in a § 1983 action may proceed, the district court must first consider whether the complaint states a viable cause of action. *Wilson v. Layne*, 526 U.S. 603 (1999); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) (requiring sufficient factual allegations for a plausible claim). An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) caused by a "**person**" under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Neither States nor their agencies (DPS) are "**persons**" under 42 U.S.C. § 1983, and therefore, they cannot be sued under that statute. *Will v. Michigan State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See also, Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69, 117 S.Ct. 1055, 137 L.Ed.2d. 170 (1997) (noting that § 1983 actions do not lie against the state); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (stating that suits for damages against states should be dismissed because the states are not persons under § 1983, and because the states are protected by the Eleventh Amendment; any constitutional problem that may exist is subordinate to the statutory deficiency); *Stidham v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003) (States are not persons under § 1983); *Lapides v. Board of Regents*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (States and their agencies are not "persons" for purposes of § 1983). States and their agencies are not persons regardless of the relief sought against them. *Cf. Alabama v. Pugh*, 438 U.S. 781 (1978) (dismissing case for

injunctive relief brought under § 1983 against the State of Alabama and its Board of Corrections); _Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv._, 862 F.3d 1236, 1251 (10th Cir. 2017) ("Although the _Ex Parte Young_ doctrine permits suits against officials, it 'has no application in suits against the States and their agencies, which are barred regardless of the relief sought.'") (Citations omitted). Therefore, this Court must dismiss any claims alleged pursuant to § 1983 against DPS because Plaintiff has not alleged any cognizable constitutional violation against a "person."

**PROPOSITION II:** **DPS IS EXEMPT FROM STATE TORT LIABILITY PURSUANT TO THE GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. § 151 _et seq._**

Plaintiff's state tort claims, including her claims arising under the Oklahoma Constitution, are governed by the Governmental Tort Claims Act (GTCA). 51 O.S. § 151 _et seq. Barrios v. Haskell Cnty. Pub. Facilities Auth._, 2018 OK 90, ¶ 12, 432 P.3d 233, 238. The GTCA generally adopts the doctrine of sovereign immunity for the state and its political subdivisions and waives it in part, but only in the manner provided by the GTCA. 51 O.S. § 152.1(A). Because sovereign immunity operates to bar a court from adjudicating a particular case, questions of the applicability of the GTCA are treated as jurisdictional in nature. _Chambers v. City of Ada_, 1995 OK 24, 894 P.2d 1068, 1074; _see also State v. Dixon_, 1996 OK 15, 912 P.2d 842, 843-44 (addressing applicability of GTCA as a jurisdictional question proper for consideration by extraordinary writ).

Section 153 of the Governmental Tort Claims Act provides:

The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment _subject to the limitations and exceptions specified in The Governmental Tort_

> *Claims Act* and only where the state or political subdivision, if a private
> person or entity, would be liable for money damages under the laws of this
> state.

51 O.S. § 153(A) (emphasis added). These exemptions from liability are enumerated in

Section 155 of Title 51. In the case at bar, two statutory exemptions from liability under

the GTCA apply to Plaintiff's various theories of recovery against DPS. Because DPS

retains sovereign immunity as a consequence of these exemptions, Plaintiff's claims must

be dismissed for lack of subject matter jurisdiction.

As a preliminary matter, DPS cannot be held liable for acts committed outside the

scope of Defendant Evans' employment. Intentional torts—such as assault and battery,

false imprisonment, or intentional infliction of emotional distress—committed by a state

employee, take that state employee outside the scope of their employment. "It is settled

that intentional torts are outside the scope of employment[.]" *Jackson v. Oklahoma City*

*Pub. Sch.*, 2014 OK CIV APP 61, ¶ 9, 333 P.3d 975, 978–79. Plaintiff has alleged causes

of action against Defendant Evans for assault and battery, false imprisonment, and

intentional infliction of emotional distress, as well as causes of action arising under the

Oklahoma Constitution. [Doc. 1-2, pp. 9-13].  Therefore, DPS cannot be held liable for

Defendant Evans' alleged intentional and unlawful conduct, even in a supervisory capacity.

Regarding the two exemptions from liability mentioned above, the State is exempt

from liability if a claim arises from acts which are "in the discretion of the state . . . or its

employees." 51 O.S. § 155 (5); and when the state's liability is premised on the state's

"adoption or enforcement of or failure to adopt or enforce . . . any . . . rule, regulation, or

written policy." 51 O.S. § 155(4). This includes actions based on the supervision or training

of state employees. "The language of the GTCA . . . makes clear the state . . . is not subject to suit for discretionary acts such as [] supervising and training employees, as well as enforcement or adoption of rules or policies." *Burns v. Holcombe*, No. 09-CV-152-JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (cleaned up). Numerous cases are in accord. *See, e.g., Bynum as next friend of M. B. v. Indep. Sch. Dist. No. 1 of Kiowa Cnty. Oklahoma*, No. CIV-23-1003-PRW, 2024 WL 4343051, at *7 (W.D. Okla. Sept. 27, 2024) (governmental defendants have GTCA immunity for alleged negligence in training or supervising employees); *Fumi v. Bd. of Cnty. Comm'rs of Rogers Cnty.*, No. 10-CV-769-TCK-PJC, 2011 WL 4608296, at *6 (N.D. Okla. Oct. 3, 2011) (supervising and training employees are discretionary functions precluding tort liability under the GTCA); *Jackson v. Oklahoma City Pub. Sch.*, 2014 OK CIV APP 61, ¶ 9, 333 P.3d 975, 979 (because training and supervising decisions are discretionary, they cannot be the basis for tort liability under the GTCA); *Johnson v. Indep. Sch. Dist. No. 89 of Oklahoma Cnty.*, No. CIV-15-680-D, 2016 WL 1270266, at *8 (W.D. Okla. Mar. 31, 2016) ("alleged negligence in failing to supervise its employees involves the kinds of decisions that implicate policy concerns and therefore fall within the discretionary function exemption of § 155(5)."); *Langkamp v. Mayes Emergency Servs. Tr. Auth.*, No. 16–CV–0676–CVE–FHM, 2017 WL 875483, at *4 (N.D. Okla. Mar. 3, 2017) (training, supervision, and monitoring of employees are discretionary functions for which the GTCA precludes liability under § 155(5)); *Higginbottom v. Mid-Del Sch. Dist.*, No. CIV-15-1091-D, 2016 WL 951691, at *3 (W.D. Okla. Mar. 9, 2016) (supervision of employees is a discretionary function such that GTCA immunity precludes liability for claims involving failure to supervise

employee); *White v. City of Tulsa, Okla.*, No. 13-CV-128-TCK-PJC, 2013 WL 4784243, at *5 (N.D. Okla. Sept. 5, 2013) (City's training and supervision of police officers is discretionary function for which GTCA bars liability). Also instructive are cases against school districts, which have invariably held that the discretionary function exemption applies to claims for failing to properly supervise students to protect them from harm. *See Najera v. Indep. Sch. Dist. of Stroud No. 1-54 of Lincoln Cnty.*, 60 F. Supp. 3d 1202 (W.D. Okla. 2014); *Elizabeth S. v. Oklahoma City Pub. Sch.*, No. CIV-08-105-M, 2008 WL 4147572, at *5 (W.D. Okla. Sept. 3, 2008) (the decisions of a school district regarding supervision of its students are discretionary acts and fall within the exemption); *Franks v. Union City Pub. Sch.*, 1997 OK 105, ¶¶ 4-5, 943 P.2d 611, 613 (exemption applied to claim of failure to "properly supervise" students).

Here, Plaintiff has specifically alleged two causes of action against DPS: negligent hiring, supervision and retention, and violation of the Oklahoma Constitution by creating and maintaining policies that failed to prevent constitutional violations. [Doc. 1-2, pp. 10-11, 13]. For the reasons stated above, both of these claims involve actions for which DPS is specifically immune, and Plaintiff's claims against DPS must be dismissed.

## CONCLUSION

For the reasons set forth above, DPS respectfully requests that this Court dismiss Plaintiff's claims against it, and for all other relief deemed just, equitable, and proper.

Respectfully submitted,

 /s/ *Jesse S. Ogle*
**DEVAN A. PEDERSON, OBA #16576**
**JESSE S. OGLE, OBA #34275**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921    Fax: (405) 521-4518
devan.pederson@oag.ok.gov
jesse.ogle@oag.ok.gov
*Attorneys for Defendants State of Oklahoma and Tim Tipton*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and for Notice of Electronic Filing to all counsel of record, who are registered participants.

 /s/ *Jesse S. Ogle*
Jesse S. Ogle