IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA J. HARRINGTON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JARQUEZ EVANS, an individual and )<br>former Trooper for Oklahoma Highway )<br>Patrol; OKLAHOMA HIGHWAY )<br>PATROL ex rel. The State of Oklahoma; ex )<br>rel. Oklahoma Department of Public Safety; )<br>ex rel. Tim Tipton, an individual and the )<br>Commissioner of the Dept. of Public Safety )<br>)<br>Defendants. ) | **Case. No. 25-cv-1260-R** |

**DEFENDANT TIM TIPTON'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, Tim Tipton, appears by and through counsel and respectfully requests this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendant Tipton states the following:

**STATEMENT OF THE CASE**

Plaintiff's claims arise from a traffic stop conducted by Defendant Trooper Jarquez Evans ("Evans") for an expired vehicle registration. [Doc. 1-2, ¶ 11]. Plaintiff alleges that the traffic stop escalated into an abuse of power by Defendant Evans which culminated in coercion and sexual assault. [Doc. 1-2, ¶ 12]. Plaintiff alleges causes of action arising under state law and both the United States and Oklahoma Constitutions against Defendant Evans, as well as causes of action for negligent hiring, supervision and retention, official capacity

liability pursuant to 42 U.S.C. § 1983, and claims arising under the Oklahoma Constitution against the State of Oklahoma, *ex rel.* Department of Public Safety ("DPS") and Tim Tipton. [Doc. 1-2, ¶¶ 42-78]. This suit was originally filed in the District Court of Oklahoma County, Case Number CJ-2025-6071. The case was timely removed to this Court. For the reasons more fully set forth below, Plaintiff fails to state a claim for which relief can be granted and lacks standing to maintain suit against Defendant Tipton.

## **STANDARD OF REVIEW**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In other words, a plaintiff must nudge their "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal*, 556 U.S. at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint. Thus, when a Complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. *Id.* A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Applying these standards, this Court must dismiss Plaintiff's claims.

**PROPOSITION I: PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

The sole cause of action against Defendant Tipton is brought against him under 42 U.S.C. § 1983 in his official capacity as Commissioner of the Oklahoma Department of Public Safety.[1] [Doc. 1-2, ¶¶ 56-61]. The Department of Public Safety is an arm of the

---

[1] Tim Tipton is only named in his official capacity in the instant suit. [Doc. 1-2, ¶¶ 9, 57].

3

State of Oklahoma. *Pettigrew v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) caused by a "**person**" under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003) (emphasis supplied). Neither the State of Oklahoma nor its officials acting in their official capacities are considered a "person" under § 1983 and thus cannot be sued for money damages under that statute. *Will v. Michigan State Police*, 491 U.S. 58 (1989); *Stidham v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003) (stating that neither the state nor its officials acting in their official capacities are persons under § 1983).

There are exceptions to this rule, however. A § 1983 plaintiff may sue official capacity defendants only for injunctive relief. *See Hafer v. Melo*, 502 U.S. 21, 30, 27, 112 S.Ct. 358 (1991). Plaintiff has attempted to do so here. [Doc. 1-2, ¶ 9]. However, where the relief sought is based on a prior violation of rights, it is improper to impose injunctive relief. *See United States v. Oregon State Medical Society,* 343 U.S. 326, 333, 72 S.Ct. 690, 96 L.Ed. 978 (1952) ("The sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for those past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured."); *LAW v. National Collegiate Athletic Assoc.,* 185 F.R.D. 324, 329 (D. Kan. 1999) (denying injunctive relief where hints that defendants were predisposed to commit future acts was remote and citing defendant's argument that "mere proof of a past violation does not justify injunctive relief because an injunction is only

4

available to prevent continuing or future harm."). Plaintiff has not alleged that she is at risk of future harm. The equitable relief Plaintiff seeks is entirely retrospective, and her claims must be dismissed.

Plaintiff also seeks declaratory relief against Defendant Tipton. Specifically, Plaintiff requests that the Court

> [e]nter judgment finding that Defendant Tim Tipton, in his official capacity as Commissioner of the Oklahoma Department of Public Safety, failed to enforce policies, training, and disciplinary oversight necessary to prevent foreseeable constitutional and statutory violations, and award Plaintiff declaratory and equitable relief to address the systemic failures contributing to the harm she suffered.

[Doc. 1-2, p. 15]. The Tenth Circuit has said that a declaratory judgment is not meant to proclaim liability for a past act, but to define the legal rights and obligations of the parties in anticipation of some future conduct. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir.2004); *See Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991) ("plaintiff cannot maintain a declaratory… action unless he or she can demonstrate a good chance of being likewise injured in the future"). Here, Plaintiff seeks a declaration that Defendant Tipton's alleged actions and/or omissions led to harm suffered in the past. Plaintiff does not allege any personal threat of impending future harm. Therefore, she has failed to state a claim for official capacity liability against Defendant Tipton, and her claims must be dismissed.

**PROPOSITION II:      PLAINTIFF LACKS STANDING.**

Plaintiff lacks standing to sue Defendant Tipton for equitable relief. Whether a plaintiff has standing to bring suit essentially rests upon three elements.

5

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). Plaintiff's alleged injuries would not be redressed by equitable relief entered against Defendant Tipton for retrospective harm. As set forth above in Proposition I *supra*, Plaintiff has not alleged that any harm is imminent from any Defendant. In her Prayer for Relief, Plaintiff requests that the Court "award Plaintiff equitable relief to address the systemic failures contributing to the harm she suffered." [Doc. 1-2, p. 15]. A "generalized interest in deterrence, . . . is insufficient for purposes of Article III [standing]." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998). Because Plaintiff seeks equitable relief for retrospective harm and has not alleged a continuing or imminent violation, she lacks standing and her claims must be dismissed.

**PROPOSITION III:     PLAINTIFF FAILS TO STATE A CLAIM ARISING UNDER STATE LAW AGAINST DEFENDANT TIPTON.**

In Paragraph 61 of the operative Complaint, Plaintiff alleges the following: "Commissioner Tipton's official omissions and failures constitute deliberate indifference to the safety and constitutional rights of civilians and provide a basis for official capacity liability under 42 U.S.C. § 1983, as well as under state tort principles where applicable." [Doc. 1-2, ¶ 61]. This is the only allegation related to a violation of state tort law against

6

Defendant Tipton. Indeed, no money damages are sought from Defendant Tipton in the operative Complaint's Prayer for Relief. Conclusory allegations of this nature are insufficient to state a claim for which relief can be granted. The Court need not credit naked assertions or legal conclusions. *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1303 (10th Cir. 2021). As one District Court in the Tenth Circuit stated: "[l]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298, 1299 (D. Colo. 2008). Further, Defendant Tipton is not mentioned in the body of any of the seven (7) causes of action for violations of state law that Plaintiff alleges. Plaintiff has not alleged enough to nudge state law claims against Defendant Tipton "across the line from conceivable to plausible" *See Twombly*, at 570.

In any event, under Oklahoma law, "[a] tort claim brought against a[] [governmental] employee in his or her official capacity . . . is improper." *Shaw v. City of Oklahoma City*, 2016 OK CIV APP 55, n. 4, 380 P.3d 894, 897, n. 4 (emphasis added). Accordingly, any state-law claim against Tipton in his official capacity must be dismissed. This includes any claim brought under the Oklahoma Constitution. *See Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 2018 OK 90, ¶ 12, 432 P.3d 233, 238 (state-law constitutional claims are tort claims under the GTCA).

## **CONCLUSION**

For the reasons set forth above, Defendant Tim Tipton respectfully requests that this Court dismiss Plaintiff's claims against him and for all other relief deemed just, equitable, and proper.

Respectfully submitted,

/s/ Jesse S. Ogle
**DEVAN A. PEDERSON, OBA #16576**
**JESSE S. OGLE, OBA #34275**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921   Fax: (405) 521-4518
devan.pederson@oag.ok.gov
jesse.ogle@oag.ok.gov
*Attorneys for Defendants State of Oklahoma and Tim Tipton*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and for Notice of Electronic Filing to all counsel of record, who are registered participants.

/s/ Jesse S. Ogle
Jesse S. Ogle